UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBORAH K. ANDREIVICH,

          Plaintiff,

v.                                       Case No. 15-CV-319

THE ART INSTITUTE OF WISCONSIN, LLC,
EDUCATION MANAGEMENT, LLC,

          Defendants.

## ORDER

### INTRODUCTION

Plaintiff Deborah Andreivich filed an action in state court against her former employers, the Art Institute of Wisconsin, LLC and Education Management, LLC, for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. On March 23, 2015, the defendants filed a notice removing the action to federal court. (ECF No. 1.) Shortly after removing the case, the defendants moved to dismiss the complaint. (ECF No. 8.) In response, Andreivich filed an Amended Complaint. (ECF No. 12.) In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have all consented to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 11.)

The defendants now move to dismiss the Amended Complaint. (ECF No. 14.) They allege that it fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**FACTS**

The following facts are taken from the Amended Complaint and are accepted as true for purposes of considering the sufficiency of the Amended Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Art Institute, a Wisconsin limited liability company, is owned and operated by Education Management. (ECF No. 12, ¶ 10.) Andreivich was an employee of both defendants and worked in Milwaukee, Wisconsin. (ECF No. 12, ¶¶ 8, 11, 14.) "Under [the] defendants' internal application policy, an employee may apply to any open position…." (ECF No. 12, ¶15.) When an employee applies for another position with the defendants, the employee's supervisor is notified of the application. (ECF No. 12, ¶ 15.) "[I]nternal applicants are screened by superiors at the job where the applicant works…." (ECF No. 12, ¶ 16.)

"Andreivich applied for the position of senior director of admissions at Argosy University on or about July 19, 2013." (ECF No. 12, ¶ 20.) Bill Johnson was Andreivich's supervisor. (ECF No. 12, ¶ 17.) Johnson "torpedoed" Andreivich's application for the Argosy University position "by making negative, untrue statements because of her age." (ECF No. 12, ¶ 21.) Employees of Education Management, in turn, incorrectly

determined that Andreivich was unqualified for the Argosy University position and hired someone who was younger and less qualified than Andreivich. (ECF No. 12, ¶¶ 22-24.) Johnson had previously made negative, untrue statements about Andreivich in connection with seven other positions for which Andreivich applied, and those positions also went to younger, less qualified candidates. (ECF No. 12, ¶ 25.)

The Amended Complaint contains one cause of action, alleging discrimination based on age under 29 U.S.C. § 623. It alleges, "Defendants willfully acted contrary to 29 U.S.C. §623(a)(1) by failing and refusing to promote Ms. Andreivich because of her age." (ECF No. 12, ¶ 31.) Separately, the Amended Complaint alleges that "Defendants also discriminated against Ms. Andreivich in compensation and in the terms, conditions and privileges of employment throughout her employment with the Art Institute." (ECF No. 12, ¶ 26.)

## ANALYSIS

It is unlawful under the Age Discrimination in Employment Act of 1967 for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

**I.  Statute of Limitations**

Although the Amended Complaint contains only one cause of action, the defendants construe it as setting forth eight separate claims of age discrimination tied to

3

each of the eight instances where they are alleged to have failed to hire Andreivich because of her age. They contend that seven of those claims are barred as untimely. They point out that an employee in Wisconsin must file an administrative charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) or its state counterpart within 300 days from when the unlawful practice allegedly occurred. 29 U.S.C. § 626(d)(1)(B). Because Andreivich filed a charge with the Wisconsin Department of Workforce Development on February 14, 2014 (ECF No. 10-1), the seven "claims" that allegedly transpired before April 19, 2013, are no longer actionable. In response, Andreivich concedes that she cannot seek relief for the seven earliest instances of alleged discrimination but states that they are "circumstantial evidence" that the defendants discriminated against her when she applied for the senior director of admissions position at Argosy University. (ECF No. 19 at 4-5.)

The Amended Complaint is not a model of clarity, to put it mildly. But the court does not read it as alleging eight separate, actionable instances of age discrimination. Rather, the court reads the Amended Complaint as alleging one instance of actionable age discrimination associated with the failure to hire Andreivich as the senior director of admissions at Argosy University on or about July 19, 2013. The other seven alleged instances of age discrimination are included, not as separate causes of action, but merely as support for the plaintiff's allegation that discrimination occurred on July 19, 2013—to use the allegations in the Amended Complaint to show that that decision was

4

"part of a pattern and practice of discrimination against Ms. Andreivich based on her age." (ECF No. 12, ¶ 25.)

Because the defendants concede that the allegation that they discriminated against Andreivich on July 19, 2013, is timely, their motion to dismiss on the ground that the claim is time-barred is denied.

## II.     Sufficiency of the Amended Complaint

### A.     Defendants' Liability

The defendants appear to argue, although it is not clear, that the Amended Complaint does not sufficiently allege that *they* had any involvement in the decision not to hire Andreivich for the position at Argosy University. (ECF No. 15 at 7-9.) They also imply that the court lacks personal jurisdiction over them. (ECF No. 15 at 8-9.) Indeed, Andreivich interprets the defendants' argument as one disputing the court's personal jurisdiction over them. (ECF No. 19 at 5-6.) However, the defendants never expressly state that the court lacks personal jurisdiction over them nor do they seek relief under Federal Rule of Civil Procedure 12(b)(2). As a result, the court construes this second argument of defendants as simply challenging the Amended Complaint for its failure to allege their involvement in the subject decision.

Although the Amended Complaint does not clearly identify Argosy University's affiliation to the defendants, it does expressly state that "employees of [Education Management] made the incorrect determination that Ms. Andreivich was not qualified

5

Case 2:15-cv-00319-WED   Filed 09/28/15   Page 5 of 10   Document 21

for the position of senior director of admissions at Argosy University because of Mr. Johnson's negative, untrue statements." (ECF No. 12, ¶ 22.) The Art Institute, who employed Andreivich, likewise did not support her application. (ECF No. 12, ¶¶ 18-19.) Thus, contrary to what the defendants contend, the Amended Complaint *does* make an allegation that the defendants were involved in the decision that resulted in Andreivich not getting the job at Argosy University.

    B.    **Sufficiency of Factual Allegations**

Next, the defendants argue that Andreivich's two claims lack sufficient specificity and should be dismissed. (ECF No. 15 at 9-11.) The claims assert that the defendants, as just discussed, failed to hire her as the senior director of admissions at Argosy University (ECF No. 12, ¶ 19) and provided her inferior compensation, terms, conditions, and privileges while she worked at the Art Institute (ECF No. 12, ¶ 26-27).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). When a complaint "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss it. Fed. R. Civ. P. 12(b)(6). A motion to dismiss challenges not the merits of the suit but the sufficiency of the complaint. *Five Star Airport Alliance, Inc. v. Milwaukee Cnty.*, 939 F. Supp. 2d 936, 937 (E.D. Wis. 2013) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). To avoid dismissal, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 679-80 (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), decided before *Twombly* and *Iqbal*, the issue was whether a complaint alleging employment discrimination must establish a prima facie case of discrimination under the framework set forth in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973), in order to survive a motion to dismiss. The Supreme Court said no, and applied the "ordinary rules for assessing the sufficiency of a complaint," which require simply that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 511-12 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This was "easily" accomplished through allegations that "detailed the event leading to termination, provided relevant dates, and included the ages…of at least some of relevant persons involved with his termination." *Id*. at 514.

In *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010), after noting that *Swierkiewicz* was cited with approval in *Twombly*, the Court of Appeals for the Seventh Circuit stated that it will be no more difficult for a discrimination plaintiff to meet the *Swierkiewicz* pleading burden than it was before *Twombly* and *Iqbal*:

> A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else.

7
Case 2:15-cv-00319-WED   Filed 09/28/15   Page 7 of 10   Document 21

*Id*. "Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (citing *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)).

The Amended Complaint alleges that the defendants failed to hire Andreivich as the director of admissions at Argosy University because of her age. It alleges the who, what, and when of the alleged discrimination. Andreivich applied for the position as senior director of admissions at Argosy University around July 2013 (when), and the defendants' employee-supervisor, Johnson (who), made negative and untrue statements about Andreivich because of her age (what). (ECF No. 12, ¶¶ 17-24.) As a result, "[d]efendants, by Mr. Johnson and others, willfully discriminated against Ms. Andreivich by refusing and failing to promote her because of her age…." (ECF No. 12, ¶ 19.) Although these factual allegations may be thin in other contexts, they are, as *Swanson* noted, "all that she needed to put in the complaint." 614 F.3d at 405.

The Amended Complaint also alleges that the defendants "discriminated against Ms. Andreivich in compensation and in the terms, conditions and privileges of employment throughout her employment with the Art Institute. Defendants offered Ms. Andreivich less favorable compensation and less favorable terms, conditions and privileges than similarly situated employees." (ECF No. 12, ¶26-27.)  Although in the

context of the other allegations in the Amended Complaint one could conclude that this alleged discrimination was based on Andreivich's age, the complaint does not say so.

Passing that problem, the Amended Complaint contains no factual allegations that inform the defendants as to the who, what, and when of this alleged discrimination. Specifically, when did the defendants offer Andreivich "less favorable compensation and less favorable terms, conditions and privileges" than similarly situated employees? Who was it that offered the less favorable compensation and terms, conditions, and privileges? And what compensation, terms, conditions, and privileges is this talking about? Andreivich simply quoted the statutory language of 29 U.S.C. § 623 (which makes it unlawful to discriminate with respect to an employee's "compensation, terms, conditions, or privileges of employment"). But reciting statutory language does not provide a defendant with the notice required by Rule 8(a). *Swanson*, 614 F.3d at 404 (quoting *Brooks*, 57 F.3d 574).

To the extent that the Amended Complaint purports to state a claim under 29 U.S.C. §623, it is insufficient. The defendants' motion to dismiss that part of the Amended Complaint is granted.

## CONCLUSION

Andreivich's allegation that the defendants failed to hire her as the director of admissions at Argosy University sufficiently alleges a claim upon which relief can be granted. However, the claim that the defendants discriminated against Andreivich with

regard to "compensation and in the terms, conditions and privileges of employment throughout her employment" is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' Motion to Dismiss (ECF No. 14) is **granted in part**. Under Federal Rule of Civil Procedure 12(a)(4)(A), the defendants shall file an answer to the Amended Complaint on or before **October 13, 2015**.

Dated at Milwaukee, Wisconsin this 28th day of September, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge