# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBORAH K. ANDREIVICH,**

      **Plaintiff,**

    v.                          Case No. 15-CV-319

**THE ART INSTITUTE OF WISCONSIN LLC,
EDUCATION MANAGEMENT LLC,**

      **Defendants.**

## PROTECTIVE ORDER

Upon the Stipulated Protective Order submitted by the parties and a showing of good cause pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** that:

1. As used in the Protective Order, these terms have the following meanings:

    a. "Confidential Material," and its plural, means any and all documents and materials that a Party designates as "Confidential" pursuant to paragraph 2 and produces in connection with this civil action;

    b. "Party," and its plural, means a party to this action;

  c.  "Counsel" means counsel of record;

  d.  "Expert," and its plural, means an expert retained by a Party in connection with the above-captioned civil action;

  e.  "Outside Vendors" means any messenger, copy, coding, and other clerical services vendors not employed by a Party or its Counsel; and

  f.  "Authorized Person," and its plural, means any person or entity described in paragraph 4.

2. This Protective Order shall apply to all documents and materials designated as Confidential Material. A Party may designate documents and material containing sensitive, proprietary, and other confidential information as "Confidential" to protect such information within the scope of this Stipulated Protective Order. Designations must be clearly marked and visible on the face of the designated material. Nothing herein shall preclude a Party from seeking "Confidential" protection of material by order of the Court or agreement of the Parties.

3. All Confidential Material, along with the information contained therein, shall be used solely for the purpose of this civil action. No person receiving Confidential Material shall in any way use, transfer, disclose or communicate the Confidential Material or its contents to any person other than the Authorized Persons described in paragraph 4. Any other use is prohibited.

4. Access to any Confidential Material shall be limited to:

    a. the Parties;

    b. the Parties' Counsel, Experts, and Outside Vendors;

    c. providers of insurance policies relevant to this civil action, if any;

    d. the Court and its staff;

    e. persons shown on the face of the document to have authored or received it; and

    f. court reporters retained to transcribe testimony.

5. Transcripts of depositions taken in this civil action, or portion thereof, may be designated as Confidential Material. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 14 days of the designating Party's receipt of the deposition transcript. Depositions shall be treated as Confidential Material during the 14-day period following receipt of the transcript, unless the Parties agree in writing to waive such Confidential protection. Any deposition, or portion thereof, that encompasses sensitive, proprietary, and other confidential information shall be taken only in the presence of Authorized Persons upon the designating Party's request.

6. Any Party that inadvertently fails to designate material as Confidential Material shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated material. Within seven (7) days of its

3

Case 2:15-cv-00319-WED    Filed 11/25/15    Page 3 of 6    Document 28

receipt of the substitute material, the Party receiving such material shall return or destroy the undesignated material to the designating Party and, if necessary, retrieve the undesignated material from any third party that might have received it prior to the designation and return or destroy said material.

7. If a Party intends to file Confidential Material that it has received or to disclose any sensitive, proprietary, and other confidential information contained in said Confidential Material in any deposition, pleadings, briefs or memoranda to be filed with the Court, the Party shall, in advance of such use or disclosure, ask the Court for leave to file under seal said Confidential Material and deposition, pleadings, briefs, or memoranda. To the extent that the Court requires the filing Party to file a public redacted copy of said Protected Materials, the Party will redact all sensitive, proprietary, and other confidential information contained in said Confidential Material. Prior to disclosure at trial or a hearing, the Parties may seek further protections of Confidential Material against public disclosure from the Court.

8. Any Party may request a change in the designation of any Confidential Material. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief.

9. Nothing herein shall limit a Party's right to disseminate or disclose its own Confidential Material to others. Rather, the limitations imposed by this Stipulated Protective Order apply to the opposing Party that receives Confidential Material.

10. Nothing herein shall limit a Party's right to offer Confidential Material into evidence or to object to Confidential Material being admitted into evidence.

11. This Stipulated Protective Order shall not constitute a concession by any Party that any materials are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or protection.

12. This Stipulated Protective Order also is not intended to waive or limit in any way a Party's right to contest any privilege or protection claim that may be asserted with respect to materials produced except to the extent stated herein.

13. No action taken in accordance with this Stipulated Protective Order shall be construed as a waiver of any claim or defense in the civil action or of any position as to discoverability or admissibility of evidence.

14. Within 30 days of the termination of this action, including any appeals, each Party shall either destroy or return all Confidential Material designated by the opposing Party, including all copies of the same, and shall destroy all extracts and/or data taken from Confidential Material. Counsel, however, shall be entitled to retain a set of all Confidential Material filed with the Court and all correspondence generated in connection with the civil action.

15. The obligations imposed by this Stipulated Protective Order shall survive the termination of this action.

Dated at Milwaukee, Wisconsin this 25th day of November, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge